# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| v. | ) | |
| | ) | **COMPLAINT FOR VIOLATIONS OF** |
| THE NEW HOME COMPANY INC., H. | ) | **THE FEDERAL SECURITIES LAWS** |
| LAWRENCE WEBB, PAUL C. HEESCHEN, | ) | |
| GREGORY P. LINDSTROM, CATHEY | ) | |
| LOWE, DOUGLAS C. NEFF, SAM | ) | JURY TRIAL DEMANDED |
| BAKHSHANDEHPOUR, MICHAEL | ) | |
| BERCHTOLD, and WAYNE STELMAR, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff Anthony Morgan ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE THE ACTION

1.    Plaintiff brings this action against The New Home Company, Inc. ("New Home" or the "Company"), and its corporate directors for violating Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a).  By the action, Plaintiff seeks to enjoin the consummation of a tender offer (the "Tender Offer") pursuant to which funds (the "Apollo Funds") managed by affiliates of Apollo Global Management, Inc. (together with its consolidated subsidiaries, "Apollo") will acquire the Company through their subsidiaries Newport Holdings, LLC ("Newport" or "Parent") and Newport Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction.")[1]

---

[1]Non-party Apollo is a high-growth, global alternative asset manager, seeking to provide clients

2.      On July 23, 2021, New Home and the Apollo Funds jointly announced their entry into an Agreement and Plan of Merger dated  2021 (the "Merger Agreement").  The Merger Agreement provides that the Apollo Funds will acquire all outstanding shares of New Home for $9.00 per share in cash (the "Offer Price").  Pursuant to the Merger Agreement, the Tender Offer commenced on August 10, 2021 and is currently scheduled to expire at 12:00 Midnight, New York City time, on September 8, 2021.[2]

3.      On August 10, 2021, New Home filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that New Home stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  The failure to adequately disclose such material information violates Sections 14(a) and 20(a) of the Exchange Act as New Home stockholders need such information to make a fully informed decision whether to approve and tender their shares into the Proposed Transaction.

4.      It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed

---

excess return at every point along the risk-reward spectrum from investment grade to private equity with a focus on three business strategies: yield, hybrid and opportunistic.  Through its investment activity across its fully integrated platform, Apollo serves the retirement income and financial return needs of clients and offers innovative capital solutions to businesses.  As of March 31, 2021, Apollo had approximately $461 billion of assets under management.  Non-party Parent is a Delaware limited liability company controlled by funds managed by Apollo.  Non-party Merger Sub is a Delaware corporation and a wholly owned, direct subsidiary of Parent.

[2] The approximate value of the Proposed Transaction is $338 million.

Transaction is consummated.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of New Home.

10.     Defendant New Home is a Delaware corporation with its principal executive offices located at 6730 N Scottsdale Rd., Suite 290, Scottsdale, Arizona 85253 and corporate offices located at 15231 Laguna Canyon Rd, Suite 250, Irvine, California 92618.  New Home is a new generation homebuilder focused on the design, construction and sale of innovative and consumer-driven homes. New Home's common stock is traded on the New York Stock Exchange under the ticker symbol "NWHM."

11.     Defendant H. Lawrence Webb ("Webb") is a co-founder of the Company, has been Executive Chairman of the Board since August 2019, and has been Chairman of the Board and a director of the Company since the completion of New Home's initial public offering ("IPO") in January 2014.  Defendant Webb was previously Chief Executive Officer ("CEO") of the Company

from 2010 to August 2019.

12.      Defendant Paul C. Heeschen ("Heeschen") has been a director of the Company since the completion of its January 2014 IPO.

13.      Defendant Gregory P. Lindstrom ("Lindstrom") has been a director of the Company since the completion of its January 2014 IPO.

14.      Defendant Cathey Lowe ("Lowe") has been a director of the Company since the completion of its January 2014 IPO.

15.      Defendant Douglas C. Neff ("Neff") has been a director of the Company since the completion of its January 2014 IPO.

16.      Defendant Sam Bakhshandehpour ("Bakhshandehpour") has been a director of the Company since the completion of its January 2014 IPO.

17.      Defendant Michael Berchtold ("Berchtold") has been Lead Independent Director since February 2018 and has been a director of the Company since the completion of its January 2014 IPO.

18.      Defendant Wayne Stelmar ("Stelmar") is a co-founder of the Company and has been a director of the Company since the completion of its January 2014 IPO.

19.      Defendants identified in paragraphs 11-15 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20.      On July 23, 2021, New Home and the Apollo Funds jointly announced in relevant part:

SCOTTSDALE, Ariz. & NEW YORK--The New Home Company (NYSE: NWHM) ("NWHM" or "the Company") and funds (the "Apollo Funds") managed by affiliates of Apollo Global Management, Inc. (NYSE: APO) (together with its consolidated subsidiaries "Apollo") today announced that they have entered into a definitive merger agreement pursuant to which the Apollo Funds have agreed to acquire the Company in an all-cash transaction for $9.00 per share. The transaction values NWHM at an enterprise value of approximately $338 million.

Under the terms of the agreement, which has been unanimously approved by the NWHM Board of Directors, the Apollo Funds will commence a tender offer to acquire all outstanding shares of NWHM for $9.00 per share in cash. The purchase price represents an 85% premium to the closing stock price on July 22, 2021 of $4.86 per share and a 51% premium to the 90-day volume-weighted average price. The holders of approximately 30% of NWHM's shares of common stock have agreed to tender their shares to the Apollo Funds pursuant to the tender offer in accordance with the terms of a support agreement.

Founded in 2009, the New Home Company is a new generation homebuilder focused on the design, construction, and sale of innovative and consumer-driven homes in key markets across California, Arizona and Colorado. The Company's range of product offerings from entry level up through luxury homes and communities have generated significant organic growth. As homebuilders continue to consolidate amid favorable supply and demand dynamics in the U.S. housing market, this transaction is designed to give the Company greater operational and financial flexibility to scale its platform while maximizing value for shareholders.

Founded in 2009, the New Home Company is a new generation homebuilder focused on the design, construction, and sale of innovative and consumer-driven homes in key markets across California, Arizona and Colorado. The Company's range of product offerings from entry level up through luxury homes and communities have generated significant organic growth. As homebuilders continue to consolidate amid favorable supply and demand dynamics in the U.S. housing market, this transaction is designed to give the Company greater operational and financial flexibility to scale its platform while maximizing value for shareholders.

"Over the last several years, we have transformed the company into a growing and diversified builder with operations in three states," said H. Lawrence Webb, Executive Chairman of The New Home Company Board of Directors. "We have strengthened our balance sheet, streamlined our cost structure and repositioned our product offerings to cater to a deeper pool of buyers. Apollo's ability to provide flexible capital and deep knowledge of the homebuilding industry will help us to accelerate the growth of our business. Following a thorough review of the opportunities available to the Company, The New Home Company Board of Directors unanimously determined that entering into this agreement is the best path forward to maximize value for shareholders."

"As consumer demand for new homes accelerates amid limited supply, we continue to see exciting opportunities to invest in the residential housing market," said Peter Sinensky, Partner at Apollo. "New Home's consumer-driven approach and dedicated focus on integrating unique design and architecture has separated the Company as a best-in-class homebuilder. We are excited to work with the management team to execute on the Company's growth strategy and provide more homes to consumers across the country."

"I am extremely proud of our team and the progress we've made over the last few years in transforming the company into a more profitable, better positioned

homebuilder," said Leonard Miller, President & Chief Executive Officer of New Home. "We are excited to enter into this new chapter together with Apollo, who shares our strategic vision for New Home as a platform for delivering quality homes and communities with award-winning design and unparalleled customer experience. By joining forces with Apollo, we will have the financial flexibility to build on our recent successes and take the company to new heights."

The closing of the transaction is subject to customary closing conditions and the tender of shares representing at least a majority of the Company's outstanding common stock to the purchaser, an entity wholly owned by the Apollo Funds, and is expected to close in the second half of the Company's fiscal year. Following the successful completion of the tender offer, the Apollo Funds will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price. The transaction will be financed with equity provided by the Apollo Funds and, if required, a committed debt financing package. Other than commitments in respect of a revolving credit facility, no incremental debt is expected to be raised in connection with the transaction.

Upon the completion of the transaction, NWHM will become a privately held company and shares of NWHM common stock will no longer be listed on any public market.

Citigroup Global Markets Inc. is acting as exclusive financial advisor to NWHM and Latham & Watkins LLP is acting as legal advisor to NWHM. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal advisor and J.P. Morgan Securities LLC is acting as financial advisor to the Apollo Funds.

**The Recommendation Statement Contains Material Misstatements and Omissions**

21.    The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to New Home's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.

22.    Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the background of the process leading to the sale of the Company; (b) New Home management's financial projections; and (c) the data and inputs underlying the financial

valuation analyses that support the fairness opinion provided by Citigroup Global Markets Inc. ("Citigroup").

***Material Omissions Concerning the Background of the Proposed Transaction***

23.    The Recommendation Statement fails to disclose material information concerning the background process leading to the Proposed Transaction, including the  "relative implied valuations of the Company D Proposal compared to the June 11 Proposal, and the challenges and uncertainties of the Company D Proposal relative to the June 11 Proposal" discussed at the June 24, 2021 Board meeting. *See* Recommendation Statement at 17.

24.    The Recommendation Statement also fails to disclose the "specific details and analysis of the Company D Proposal, and [] comparison of the Company D Proposal to the June 11 Proposal" discussed at the July 16, 2021 Board meeting. *See Id*. at 18.

25.    The omission of this information renders the statements in the "Background of the Offer" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act

***Material Omissions Concerning New Home Management's Financial Projections and Citigroup's Financial Analyses***

26.    The Recommendation Statement omits material information regarding Company management's financial projections, including the line items underlying the Company's (a) gross profit; (b) net income; (c) EBIT; and (d) unlevered free cash flow.

27.    The Recommendation Statement describes Citigroup's fairness opinion and the various valuation analyses performed in support of its opinion.  That description, however, fails to include key inputs and assumptions underlying these analyses.  The absence of this material information precludes New Home's public stockholders from fully understanding these analyses.  As a result, stockholders cannot what weight, if any, to place on Citigroup's fairness opinion in deciding whether to tender their shares in the Tender Offer or otherwise act.

28.     With respect to Citigroup's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the estimated tax savings from deferred tax assets during the period from July 1, 2021 through December 31, 2025; (b) stock based compensation over the projection period that was treated as a cash expense; (c) the Company's estimated real estate inventory as of December 31, 2025; (d) the inputs and assumptions underlying the discount rate range of 11.3% to 12.9%; (e) the Company's net debt as of June 30, 2021; (f) the value of deferred purchase price with respect to the acquisition of the Epic Companies as of June 30, 2021; (g) the value of unconsolidated investments as of June 30, 2021; and (h) the number of outstanding shares of the Company on a fully diluted basis.

29.     With respect to Citigroup's *Present Value of Future Share Price Analysis*, the Recommendation Statement fails to disclose the inputs and assumptions underlying the discount rate of 17.75%.

30.     With respect to Citigroup's *Selected Public Companies Analysis*, the Recommendation Statement fails to disclose why the price/book value multiple for Hovanian Enterprises, Inc. was deemed to be not meaningful for purposes of the analysis.

31.     The omission of this information renders the statements in the "Opinion of the Company's Financial Advisor" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

32.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other New Home stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

33.    Plaintiff repeats all previous allegations as if set forth in full.

34.    Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer commenced in conjunction with the Proposed Transaction.

35.    Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer commenced in conjunction with the Proposed Transaction.

36.    As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT II

**Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

37.    Plaintiff repeats all previous allegations as if set forth in full.

38.    The Individual Defendants acted as controlling persons of New Home within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of New Home and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or

indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

39.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

40.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

41.    In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

42.    By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of New Home, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction or the

Tender Offer, unless and until defendants disclose and disseminate the material information identified above to New Home stockholders;

        B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  August 19, 2021            **LONG LAW, LLC**

                    By:  */s/ Brian D. Long*
                        Brian D. Long (#4347)
                        3828 Kennett Pike, Suite 208
                        Wilmington, DE 19807
                        Telephone: (302) 729-9100
                        Email: BDLong@longlawde.com

                        *Attorneys for Plaintiff*